UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VERONICA HOWARD, | Case No. 2:21-CV-199 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| CITY OF NORTH LAS VEGAS, et al., | |
| Defendant(s). | |

Presently before the court is defendants City of North Las Vegas, Cindy Marshall, and Erin Tellez's (collectively "defendants")[1] motion to dismiss. (ECF No. 14). Plaintiff Veronica Howard ("Howard") responded in opposition (ECF No. 19), to which defendants replied (ECF No. 25).

**I.    Background**

This is an employment discrimination lawsuit in which plaintiff Ms. Howard alleges ten causes of action stemming from Title VII, civil rights, and contract claims. In essence, Ms. Howard alleges that she was unlawfully discriminated on the basis of her race during her employment as a court clerk with the City of North Las Vegas, which included disproportionate disciplinary measures, ultimately leading to alleged wrongful termination. (*See* ECF No. 1-1, *passim*).

Defendants move to dismiss Ms. Howard's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] In her initial complaint, Ms. Howard also named Ryann Juden (North Las Vegas City Manager) and Judge Sean Hoeffgen (Chief judge of the municipal court for the city of North Las Vegas), but all claims against these two defendants have since been voluntarily dismissed on April 8, 2022 (ECF No. 41), and April 22, 2022 (ECF No. 44), respectively.

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

To begin with, the court is befuddled by the face of the complaint and the oft-conflicting statements throughout Ms. Howard's briefing. It cannot make heads or tails of which claims are directed at which defendants.

As an example, the complaint appears to allege that (only) the defendant City of North Las Vegas engaged in violations of unlawful employment discrimination due to race and unlawful retaliation under Title VII of the Civil Rights Act of 1964, yet Ms. Howard's opposition to defendants' motion to dismiss states that she seeks to also "hold the four individual defendants personally liable…for their actions that resulted in the deprivation of her rights under the constitution and statutory laws of the United States…[including] *Title VII of the Civil Rights Act of 1964*." (ECF No. 19 at 8). While it is possible that Ms. Howard's incorporation of the prior allegations in her complaint sufficiently alleges that *all* defendants have committed Title VII violations, it is far from clear given the scattered allegations throughout the beginning of the complaint and the inconsistencies of her other positions of who is being sued for what.

Further obfuscating things, Ms. Howard appears to allege claims against the individual defendants in their "official" capacities while simultaneously asserting in her briefing that the individual defendants are "most certainly" *not* being sued in their respective official capacities. (*compare* ""None [of the individually named defendants] were acting in the capacity as private citizens" (Complaint, ECF No. 1-1 ¶ 63) *with* "The individual defendants in this case most certainly are not being sued in their respective 'official' capacities" (Opp'n to defendants' motion to dismiss, ECF No. 19 at 9). What is more, all individual defendants are explicitly named in their *official*, not individual, capacities in the complaint. (*See* ECF No. 1-1 ¶¶ 12–15).

A clear delineation of who is being sued, in what capacity, and for which allegations are critical for the court to make an intelligent ruling on this motion to dismiss, especially for complicated civil rights claims such as ones being alleged here. For example, understanding if defendants are being sued under §§ 1981 or 1983 in their "official" or individual capacities

**James C. Mahan**
**U.S. District Judge**

- 2 -

is imperative to the legal analysis of the sufficiency of the plaintiff's claims. The same holds true for nearly every other allegation in Ms. Howard's complaint.

The defendants express similar dismay in the inconsistencies between complaint and Ms. Howard's assertions in her briefing. (*See* ECF Nos. 14; 25, *passim*). In fact, defendants ask the court to "enter an order clarifying which claims are asserted against which [d]efendants in accordance with [p]laintiff's admissions in her [o]pposition). (ECF No. 25 at 2).

It is not the court's responsibility to sort out such confusion. Therefore, since the court has found it impossible to divine the proper parties and allegations from the instant complaint, the court DISMISSES the complaint, without prejudice.

Because the court's "general purpose [is] seeing that cases are tried on the merits," *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983), and since it is instructed to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), s*ee also Foman v. Davis*, 371 U.S. 178, 182 (1962), the court grants Ms. Howard leave to refile her complaint in order to cure the aforementioned defects as desired.

### III.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that Ms. Howard shall have leave to re-file an amended complaint within 21 days of this order. Otherwise, the court will close this case and enter judgment accordingly for defendants.

DATED May 19, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**